USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/8/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES PERSAUD, KEVIN DIAZ, MICHAEL DIAZ, LUIS VIERA, ANTHONY BONTUYAN, MARIA DELVALLE, and ROSA PEREZ,

                Plaintiffs,

– against –

D & H LADIES APPAREL LLC, AB & SONS GROUP, LLC, ISAAC CHETRIT, and ISAK PEREZ,

                Defendants.

**OPINION AND ORDER**

16 Civ. 5994 (ER)

Ramos, D.J.:

    James Persaud, Kevin Diaz, Michael Diaz, Luis Viera, Anthony Bontuyan, Maria Delvalle, Rosa Perez and Gladys Gonzales (collectively, "Plaintiffs") brought the above-captioned action against D & H Ladies Apparel LLC, AB & Sons Group, LLC, Isaac Chetrit and Isak Perez (collectively, "Defendants") for unpaid wages, overtime compensation, and spread-of-hours premiums under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 17. On April 25, 2017, the parties submitted an application for the Court to approve the Settlement and Release Agreements between each Plaintiff and the Defendants ("Agreements"), and to dismiss this action with prejudice. Doc. 24.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court will not approve the Agreements because, for various reasons, it is not "fair and reasonable" as currently drafted.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Here, the parties have "failed to provide the Court with enough information about the *bona fides* of the dispute to determine whether the settlement amount was fair and reasonable." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiffs' range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiffs' claims and the settlement amount, if any. *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where Plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the

contemplated attorney's fees, are fair and reasonable"); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Although the Court is satisfied with the parties' explanation of the *methodology* used to generate the settlement amounts, however, the parties did not submit the *underlying data* to which the methodology was applied…[T]he parties must submit this information to the Court before the Court can approve the settlement."). The parties have only submitted an explanation of the methodology employed, but not any underlying data comparing the Planitiffs' range of damages with the final settlement amount.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Agreements, Plaintiffs' attorneys will retain one third of the settlement amount, totaling $181,429.92, as attorneys' fees. Doc 24 at 4, Ex. B. Although "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases," *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015), Plaintiffs do not provide any documentation allowing the Court to evaluate its reasonableness in *this* action. *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL

8773460, at *2 (evaluating the reasonableness of Plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, i.e. the lodestar method).

The Court also finds problematic those sections prohibiting disparagement and barring Plaintiffs from future employment with Defendants.

The Agreements contain "Mutual Non-Disparagement and Neutral References" provisions that seeks to prohibit Plaintiff from "mak[ing], publish[ing], or communicat[ing] to any person or entity or in any public forum, any defamatory or disparaging remarks, comments or statements concerning the Defendants, now or in the future." Agreements at ¶ 4. "Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (quoting *Lazaro-Garcia*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3) (internal quotation marks omitted); *see also Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *3 (S.D.N.Y. Dec. 3, 2015) (noting non-disparagement clauses "can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights"). The clauses at issue here broadly bar Plaintiffs from discussing any potentially disparaging topics, including truthful statements about Plaintiffs' experience litigating the case. The Court will therefore not approve the Agreement with the non-disparagement provision as currently written.

4

The Agreements also purport to forever bar each Plaintiff from working in or applying for a position with Defendants or Defendants' parents, subsidiaries, and other corporate affiliates. Agreements at ¶ 5. This is a "highly restrictive provision in 'strong tension with the remedial purposes'" of the FLSA. *Reyes v. HIP at Murray St., LLC*, No. 15 Civ. 238 (LGS) (quoting *Cheeks*, 796 F.3d at 200). The Court will not approve an agreement with such a provision.

Accordingly, the Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **May 19, 2017** that cures the issue with the general mutual release, or alternatively provides a persuasive explanation of the practical benefit that Plaintiffs stand to realize in exchange for broadly releasing all claims against the Defendants.

2. File a joint letter on or before **May 19, 2017** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law, *see Cheeks*, 796 F.3d at 201 n.2.

The status conference currently scheduled for 11:30 AM on May 17, 2017 is rescheduled for **11:00 AM on May 31, 2017**.

It is SO ORDERED.

Dated: May 8, 2016
New York, New York

Edgardo Ramos, U.S.D.J.